**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

JIMMY ASHLEY                                                                                        PLAINTIFF

V.                                    CASE NO.  3:10CV00259-BRW

HOWARD SLINKARD, IN HIS
OFFICIAL CAPACITY AS CHAIRMAN OF THE BOARD OF
TRUSTEES FOR ARKANSAS STATE UNIVERSITY                           DEFENDANT

**CONSENT DECREE**

Plaintiff filed the above-entitled action pursuant to Title II of the Americans with

Disabilities Act, as amended, 42 U.S.C. Sec. 12101 *et seq*; the Rehabilitation Act of 1973, as

amended, 29 U.S.C. Sec. 794 *et seq*; and the Fair Housing Amendment Act of 1988, as amended,

42 U.S.C. Sec. 3601 *et seq*.  The Plaintiff alleges that he is a person with disability who requires

a wheelchair for mobility and has encountered architectural barriers in connection with access to

the Convocation Center, Stadium and The Villages apartments, all on the campus of Arkansas

State University in Jonesboro.  Arkansas State University had previously obtained approval of

the Office of Civil Rights of the United States Department of Education with respect to parking

at the Convocation Center, as well as parking and seating at the Stadium.  Following an

inspection of the premises and discussions among counsel, the parties have agreed to resolve

their differences without the burden, expense and delay of a trial the result of which is stipulation

of settlement and this Consent Decree.

Accordingly, it is hereby agreed by the parties and ordered by the Court as follows:

1.      This Court has jurisdiction of this claim pursuant to 42 U.S.C. §12101, 29 U.S.C.

§794, 42 U.S.C. §3601, and 28 U.S.C. §§1331 and 1343, this statement being made as a general

matter and not specific to any facility upon which the Complaint does not clearly claim a basis to subject matter jurisdiction.

2.      Venue is proper in this district.

3.      Defendant has made certain modifications to the Stadium and Convocation Center at times after this suit was filed, some of which may or may not have been planned before suit was filed.

4.      The Defendant agrees to make the following modifications and alterations at one of the facilities that is the subject of this action: namely, the Convocation Center located at the Arkansas State University Campus in Jonesboro, Arkansas (hereinafter referred to as the "Convocation Center"):

> A.      SEATING
>
> > i.      Contiguous Seating:   Defendant shall implement a policy that for each wheelchair space purchased, that individual has the option of purchasing three (3) additional tickets for seats in the same row that are contiguous with the wheelchair space, provided the spaces are available at the time of purchase.  In the event that the spaces are not available, Defendant shall offer seats that are as close as possible to the accessible seating position.
>
> B.      GROUND LEVEL INTERIOR
>
> > i.      Central Box Office:    Defendant shall provide an accessible sign on the wall near the Central Box Office that is high enough for people to see that the third window from the door is the accessible ticket window.
> >
> > ii.      Women's Ground Level Toilet Room:  Defendant shall relocate the toilet paper dispenser in the accessible toilet stall above the side grab bar in conformance with the standards set forth in the Stipulation for Settlement.

      iii.    <u>Men's Ground Level Toilet Room:</u> Defendant shall relocate the toilet paper dispenser in the accessible toilet stall above the side grab bar allowing a minimum of 12 inches of clearance above the bar with the centerline of the dispenser measuring between 7 and 9 inches in front of the water closet and the dispensing point measuring between 15 and 48 inches above the finished floor in compliance with §604.7 and Figure 604.7 of the Standards.

B.    MID-LEVEL AREA OF ARENA (Red, Green, Blue and Yellow Sections): Defendant shall lower a 36-inch wide section of the service counters so that it measures no higher than 36 inches above the finished floor in compliance with §904.4.1 of the 2010 ADA Standards for Accessible Design, hereinafter referred to as ("Standards").

C.    GREEN, YELLOW AND BLUE AREAS OF CONVOCATION CENTER: Defendant shall provide accessible toilet rooms at the respectively-colored Men's an Women's Restrooms with accessible stalls, toilet facilities and lavatory facilities, making adjustment to existing facilities, including grab bars in conformance with the particulars set forth in the Stipulation for Settlement.

D.    RED AREA OF CONVOCATION CENTER.  Defendant shall post directional signage at the toilet rooms in this area directing patrons with disabilities to the nearest accessible toilet rooms to this area.

E.    GENERAL NOTES

      i.    <u>Signs:</u> Defendant shall ensure that all permanent signs are mounted in compliance with Figure 703.4.1 of the Standards.  If any signs are placed between higher than 70 inches above the finished floor and less than or equal to 120 inches above the finished floor, Defendant shall ensure that the character dimensions are compliant with those set out in Table 703.5 of the Standards.

5.    The Defendant agrees to make the following modifications and alterations at the facility that is the subject of this action: namely, the Arkansas State University Stadium located at

the Arkansas State University Campus in Jonesboro, Arkansas (hereinafter referred to as the "Stadium").

    A.    PARKING AND ACCESSIBLE ROUTES:   Defendant shall post directional signage at the bottom of this ramp directing individuals with disabilities to the North end of the Stadium.

    B.    CONCESSIONS/TICKET COUNTERS

        i.    <u>West Side Concessions:</u>     Defendant shall lower a 36-inch wide section of the concessions counter to ensure that it is no higher than 36 inches above the finished floor in compliance with §§227.3 and 904.4.1 of the Standards.  Alternatively, in lieu of modifying the existing concession counter,  Defendant may instead provide a nearby accessible ancillary counter for accessible ticket sales that complies with §904.4 of the Standards or require workers at such counters to come to the front of the counter to assist the customer.

        ii.    <u>Gate 19 Ticket Counter:</u>

            a.    Defendant shall lower a 36-inch wide section of the concessions counter to ensure that it is no higher than 36 inches above the finished floor in compliance with §§227.3 and 904.4.1 of the Standards.

            b.    Defendant shall resurface the concrete directly beneath this ticket counter to ensure that the cross slope and running slope do not exceed 1:48 at any point in compliance with §403.3 of the Standards.

            c.    Alternatively, in lieu of modifying the existing ticket counter and resurfacing the concrete as required in the foregoing paragraph, Defendant may instead provide a nearby accessible ancillary counter for accessible ticket sales that complies with §904.4 of the Standards, or require workers at such counters to come to the front of the counter to assist the customer.

iii.   Northwest Concession Stands:   Defendant shall lower a 36-inch wide section of each  concessions counter to ensure that it is no higher than 36 inches above the finished floor in compliance with §§227.3 and 904.4.1 of the Standards. Alternatively, in lieu of modifying the existing concession counter, Defendant may instead provide a nearby accessible ancillary counter for accessible sales that complies with §904.4 of the Standards, or require workers at such counters to come to the front of the counter to assist the customer.

iv.   Three Concession Stands on West Side:   As the stand-alone concession stands are not owned by Defendant such that the modifications for accessibility are out of Defendant's control and instead within the control of a third party, Defendant shall instead make the provision of accessible concessions counters or reasonable accommodations for accessibility by such a third party a condition precedent of any renewed contractual relationship with defendant necessary for such third-party's continued or future operation at the Stadium.  Defendant shall require the same of any other third party owned or operated concession stands within the Stadium.

v.   Southwestern Most Ticket Booth (Between Gates 3 and 4): Defendant shall provide directional signage in compliance with §703 of the Standards at this ticket booth directing individuals with disabilities to the accessible booths provided at the northwestern section of the Stadium.

C.   TOILET ROOMS

i.   Women's Toilet Room #314 and Men's Toilet Room #313 (South Area of Stadium):

a.   Defendant shall ensure that the toilet room entry door handle is mounted such that its highest operable part is no higher than 48 inches above the finished floor in compliance with §404.2.7 of the Standards.

5

b.  Defendant shall lower the mirror at the accessible lavatory to ensure that its lowest reflective edge is no higher than 40 inches above the finished floor in compliance with §603.3 of the Standards.

c.  Defendant shall lower the coat hook to ensure that it is no higher than 48 inches above the finished floor in compliance with §604.8.3 of the Standards.

d.  Defendant shall ensure that the Men's toilet room entry door closer requires no more than 5 pounds of force to open. Defendant shall also ensure that the closer has a "delayed-action" feature and shall ensure that the sweep period of the closer is adjusted such that the leading edge of the door takes no less than 5 seconds to move from an open position of 90 degrees to a position 12 degrees from the latch in compliance with §§404.2.8 and 404.2.9 of the Standards.

ii.  Women's Toilet Room on West Side of Stadium:

a.  Defendant shall lower the coat hook in the accessible stall to ensure that it is no higher than 48 inches above the finished floor in compliance with §604.8.3 of the Standards. In the alternative, in lieu of lowering the existing coat hook, Defendant may provide a second coat hook no higher than 48 inches above the finished floor.

b.  Defendant shall provide lever type hardware at the accessible lavatory that does not require tight grasping, pinching or twisting of the wrist to operate and requires no more than 5 pounds of force to activate in compliance with §§606.4 and 309.4 of the Standards.

iii.  Men's Toilet Room on West Side:

a.  Defendant shall lower the coat hook in the accessible stall to

ensure that it is no higher than 48 inches above the finished floor in compliance with §604.8.3 of the Standards.  In the alternative, in lieu of lowering the existing coat hook, Defendant may provide a second coat hook no higher than 48 inches above the finished floor.

    A.    GENERAL NOTES

        i.    <u>Renovation.</u>  The parties recognize that Defendant may make certain renovations to the ticket, restroom and concession areas.  To the extent that such renovations are completed, Defendant reserves the right to remove or replace modifications stated herein in favor of features that comply with the then applicable standards.

        ii.    <u>Accessible Routes:</u>  Defendant shall ensure that along any accessible route within the Stadium wherever there is a change in level between ¼ and ½ inch that concrete or asphalt is applied to provide a beveled transition or shall fill in the change in level.  If a beveled transition is provided, then Defendant shall ensure that the slope ratio does not exceed 1:2.  If the change in level along any accessible route is greater than ½ inch, Defendant shall either fill in any drop off or shall provide a ramp that complies with §303.2 of the Standards.

        iii.    <u>Signs:</u>  Defendant shall ensure that all permanent signs are mounted in compliance with Figure 703.4.1 of the Standards.  If any signs are placed between higher than 70 inches above the finished floor and less than or equal to 120 inches above the finished floor, Defendant shall ensure that the character dimensions are compliant with those set out in Table 703.5 of the Standards.

    6.    The Defendant agrees to make the following modifications and alterations at the facility that is the subject of this action: namely, the Arkansas State University Housing named "The Villages" located at the Arkansas State University Campus in Jonesboro, Arkansas (hereinafter referred to as the "Housing").

A.    ACCESSIBLE PARKING

   i.    In the east parking area on the west side of the property, there is a parking lot with 46 parking spaces in it.  Defendant shall provide two (2) accessible parking spaces that share an 8-foot wide access aisle with the first space being located nearest the sidewalk that leads to the left of this sidewalk.  The accessible parking spaces shall in all respects comply with §§4.2.2(5)(a) and 4.6 and Figure 9 of the American National Standards Institute's publication A117.1-1998 entitled Accessible and Useable Buildings and Facilities (hereinafter referred to as "ANSI").  The accessible parking space nearest the sidewalk shall be designated as the van accessible parking space.  Both spaces shall have appropriate accessible signage posted in front of the parking space.

   ii.    Defendant shall ensure that accessible parking is provide in compliance with ANSI at each parking lot serving covered dwelling units and all separate amenities, including the rental office and mailboxes and in so doing shall ensure that no less than 2% of the total parking provided complies with §§4.2.2(5)(a) and 4.6 and Figure 9 of the ANSI.

B.    ACCESSIBLE ROUTES: At the locations noted and the standards respectively referenced more particularly in the Stipulation for Settlement, Defendant shall modify the curb ramps listed to comply with §4.7 of the ANSI, sidewalks listed to comply with §4.5.2 of the ANSI,  and handrails to comply with  §§4.8.5 and 4.26 of the ANSI.

C.    DWELLING UNITS.  Defendant shall continue its current policy of ensuring that covered units occupied by existing tenants or offered to future tenants are adaptable for accessibility to the extent required by the Fair Housing Act and any of the safe harbors identified in the applicable regulations.

7.    BARRIER REMOVAL.  Nothing in this agreement shall waive the University's ongoing obligation to remove barriers to accesses at existing venues as these venues are altered by

8

the University.  However, such planned alterations may be utilized and coordinated with barrier removal efforts to maximize efficiency in the removal of barriers to access identified by the University in accordance with the Stipulation for Settlement.

8.      NO UNDUE BURDEN.  The parties hereto acknowledge that the alterations and modifications agreed to by the parties for the purposes of this particular pending legal matter, and as set forth in this Stipulation for Settlement, consist of what the parties believe to be required pursuant to and for the purposes of Title II of the Standards in that the said alterations and modifications do not require the fundamental alteration of any program or service and do not constitute an undue financial or administrative burden.

9.      TIME FRAME.  Defendant agrees to complete all alterations and modifications within the Convocation Center, Stadium and the exterior Housing issues on or before February 1, 2015.  Defendant agrees to complete alterations and modifications to interior housing issues on or before February 1, 2018.

10.      INSPECTION.  Defendant shall notify Plaintiff of the completion of the agreed modifications.  Plaintiff's representatives shall be provided reasonable access to the subject property to verify completion of the above-referenced work.  In order to minimize expense for such inspections, Defendant agrees to provide digital photos evidencing completion of modifications required herein which Plaintiff shall review in the hope of obviating or minimizing the need for or scope of such future inspection(s).

11.      NON-COMPLIANCE.  In the event the alterations and modifications required hereby are not timely completed in all respects, the Plaintiff shall be entitled to seek an award for injunctive relief from the Court.  The parties agree that if the Defendant have timely commenced the modifications required hereby, and have proceeded with the completion thereof in good faith and with due diligence, but have been delayed in the completion thereof due to acts of God, *force majeure*, or events beyond the control of Defendant (such as inability to obtain building or zoning permits, failure of the county inspectors to make inspections, contractor defaults, work stoppages, delays in receipt of state funding, etc.), and should the Defendant notify the Plaintiff of such with appropriate backup documentation prior to the expiration of the time periods agreed to herein, the time periods for completion established hereby shall be extended appropriately.  Defendant shall be afforded sixty (60) days' notice of the alleged non-compliance, and a reasonable amount of time, in

light of the scope of the alleged non-compliance, to cure the alleged non-compliance before Plaintiff shall be entitled to seek injunctive relief.

12.     ENFORCEMENT.  If any action or proceeding is commenced with regard to the subject matter of this Stipulation for Settlement, then the prevailing party in such action or proceeding shall be entitled to seek its reasonable attorney's fees and costs incurred in said action or proceeding promptly reimbursed by the non-prevailing party.  However, Plaintiff shall take no action to enforce this agreement without first providing notice to Defendant and a reasonable opportunity to cure.

13.     ATTORNEYS' FEES AND COSTS.   Plaintiff's counsel, Edward I. Zwilling, of Schwartz Roller & Zwilling, shall be entitled to petition the court for reimbursement of reasonable attorney's fees, litigation expenses and expert expenses incurred in the prosecution of this matter. The fee petition shall be filed no later than March 15, 2013.  Defendant shall have an opportunity to respond within fourteen (14) days of service.  Upon issuance of a ruling from the Court on this issue, Defendant shall cooperate in good faith in submitting the amount awarded through proper channels for prompt payment.

14.     NOTICE. Each notice ("Notice") provided for under this Stipulation for Settlement must comply with the requirements of this Section.  Each Notice shall be in writing and sent by depositing it with a nationally recognized overnight courier service which obtains receipts (such as Federal Express or UPS Next Day Air), addressed to the appropriate party (and marked to a particular individual's attention, if so indicated) as hereinafter provided.  Each Notice shall be effective upon being so deposited, but the time period in which a response to any notice must be given or any action taken with respect thereto shall commence to run from the date of receipt of the Notice by the addressee thereof, as evidenced by the return receipt.  Rejection or other refusal by the addressee to accept or the inability to deliver because of a changed address of which no Notice was given shall be deemed to be the receipt of the Notice sent.  Any party shall have the right from time to time to change the address or individual's attention to which notices to it shall be sent by giving to the other party at least ten (10) days prior notice thereof.  The parties' addresses for providing Notices hereunder shall be as follows:

**Plaintiff:**
Edward I. Zwilling, Esq.
Schwartz Roller & Zwilling, LLP
600 Vestavia Parkway
Suite 251
Birmingham, Alabama, 35216
Telephone: (205) 822-2701
Facsimile: (205) 822-2702
Email: ezwilling@szalaw.com

**Defendant:**
Mark Mayfield, Esq.
Womack, Phelps & McNeill, P.A.
PO Box 3077
Jonesboro, Arkansas 72403
Telephone:     (870) 932-0900
Facsimile:     (870) 932-2553
Email: mmayfield@wpmfirm.com

And

Katherine Prescott
Associate University Counsel
Arkansas State University System
P.O. Box 10
State University, Arkansas 72467
Telephone:     (870) 933-7900
Facsimile:     (870) 933-7910
Email: kprescott@asusystem.edu


JUDGMENT is hereby ORDERED in accordance with the forgoing Consent Decree on this 4th day of March, 2013.


/s/BILLY ROY WILSON
UNITED STATES DISTRICT JUDGE

11